**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:21 CR 215 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **VINCENT MOORE, JR.,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Currently pending before the Court is Defendant Vincent Moore, Jr.'s *pro se* Motion to Vacate under 28 U.S.C. § 2255. (Doc. 51). The Government filed a response in opposition. (Doc. 51). Moore did not reply and the time in which to do so has expired. For the reasons set forth below, the Court denies Moore's Motion.

### BACKGROUND

On April 1, 2021, Moore was charged in a single-count Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). The charges arose out of an incident on December 19, 2020, where Toledo Police Department officers responded to a call regarding shooting out of a vehicle. (Doc. 18, at 5). Moore was the passenger in that vehicle. *Id.* When officers opened the passenger door, they saw the at-issue firearm in plain view in the side of the door. *Id.* DNA testing of the trigger and body of the gun matched Moore's DNA. *Id.*; *see also* Doc. 52-1 (Ohio Bureau of Criminal Investigation Laboratory Report).

At Moore's change of plea hearing, the Government set forth the following factual basis for the charge:

Had the matter proceeded to trial, the Government would have proved beyond a reasonable doubt that prior to December 19th, 2020, the defendant had been convicted of the following offenses: Extor[t]ion and attempted participation in a criminal gang, September 10th, 2015; burglary on September 10th, 2015; carrying concealed weapon and having weapons while under disability on August 8th, 2017. The defendant knew he was a convicted felon.

The Government would have proved that on or about December 19th, 2020, Toledo Police received a dispatch of a shooting in Monroe, Michigan. A vehicle description was given. Officers, at some point after that, observed a vehicle meeting the general description of that vehicle and made a reasonable suspicion stop. Officers approached the vehicle and identified the driver. The driver did not have - - or did have a suspended operator's license. The driver was removed, as well as the front passenger, who was the defendant, Vincent Moore. When Mr. Moore was removed, he fled. He was ultimately apprehended. A firearm was found near the area where he had left the vehicle.

The firearm was submitted for DNA testing and found that Mr. Moore's DNA was on the firearm. The firearm was also submitted for interstate nexus analysis. It was found to be a Smith & Wesson, Model M&P 40, serial number DXP5008, and that it had previously been -- or that it had been manufactured outside the State of Ohio.

(Doc. 36, at 19-20). The Court confirmed Moore's agreement and understanding:

THE COURT: Did you hear all that, Mr. Moore?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. So let me just break that down just a little bit. On December 19th, 2020, you possessed that Smith & Wesson pistol; is that right?

THE DEFENDANT: Yes.

THE COURT: Okay. And you knew on that date that you had previously been convicted of a felony; right?

THE DEFENDANT: Yes.

THE COURT: Do you want to make any additions or corrections to anything about that?

[DEFENSE COUNSEL]: No, Your Honor.

THE COURT: Either one of you?

THE DEFENDANT: No. No, sir.

2

THE COURT: All right. Well, I find that that touches all of the elements of the offense to my understanding, so I believe we have an adequate factual basis for the plea.

*Id.* at 20-21.

The Final Presentence Investigation Report ("PSR") contained a statement Moore provided to the probation officer regarding his acceptance of responsibility:

20. On December 6, 2021, the defendant was interviewed by the probation officer and provided a verbal statement wherein he admitted involvement in the offense. The defendant stated the following:

21. "*I was carrying a gun because it was late at night and there were a lot of shootings in the area. I had just gotten home from prison, and I felt like people were out to get me due to my past cases. I wanted to be able to protect myself. I did not brandish or shoot the gun. I knew I should not have had the gun, but I was worried for my safety. I know this is serious. I had been on a good track and I had not been around negative people.*"

(Doc. 18, at 6). At sentencing, the Court asked Moore if he had time to review the factual basis in the PSR and if he had any objections to the underlying factual basis; Moore confirmed he did not. (Doc. 35, at 4-5). Moore further confirmed his possession of the firearm in his statement at sentencing: "Like I wasn't possessing guns to hurt nobody or to kill nobody or - - I was possessing to protect me, my family, and my friends." *Id.* at 55.

Moore filed a timely notice of appeal on September 12, 2022. (Doc. 29); *see United States v. Moore*, No. 22-3780 (6th Cir.). In his appeal, Moore argued only that the Court incorrectly increased his offense level based on prior possession of firearms as relevant conduct. *See Moore*, 2024 WL 3876649, at *2. On August 20, 2024, the Sixth Circuit rejected Petitioner's challenge to his sentence and affirmed. *See id.*

In the instant Motion to Vacate, filed August 19, 2025, Moore asserts four grounds for relief:

**GROUND ONE:**     Convicted of a non-existing offense.

3

Supporting facts:      That "mere touching" does not establish possession. DNA evidence does not establish possession.

**GROUND TWO:**      That Government never disclosed any exculpatory evidence of anyone else's DNA found on firearm.

Supporting facts:      Gun found in car, that was also not his, not property of petitioner. Therefore someone else definitely handled the firearm.

**GROUND THREE:**  6th Amendment violation[.]

Supporting facts:      1. Petitioner never admitted to possession, nor was he found guilty, of possession, by a jury. 2. Counsel neglected to inform Defendant of all the facts and essential elements surrounding the crime.

**GROUND FOUR:**    Executive Order[.]

Supporting facts:      That President Donald J. Trump recently signed an executive order for anyone convicted for violation of 18 U.S.C. § 922(g)(1) for defendants with no predicate prior convictions of drugs and/or violence, to get relief.

(Doc. 51, at 5, 6, 8, 9). Moore elaborates on these arguments in an attached memorandum. *See id.* at 14-18.

### STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes the "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* at § 2255(b). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982); *see also Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999).

4

"A prisoner seeking relief under § 2255 must show as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citation modified). To obtain relief for an error of constitutional magnitude, a petitioner must establish that error "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error depriving him of the "rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (citation omitted); *see also id.* at 354.

In considering a petition under § 2255, the district court is required to conduct an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The petitioner's burden for obtaining a hearing is relatively light. *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). But "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Where the judge considering the § 2255 petition also conducted the proceedings below, the judge may rely on his or her recollections of those proceedings. *See id.*

### DISCUSSION

Moore brings four claims for relief. The Government contends that: (1) Ground One is contradicted by Petitioner's guilty plea; (2) Ground Two is without merit; (3) Ground Three is

without merit, and, to the extent Moore brings an ineffective assistance of counsel claim, such a claim is also without merit; and (4) Ground Four is also without merit. (Doc. 52). The Court finds Moore has not demonstrated entitlement to relief.

Ground One / Ground Three

In Ground One, Moore contends he was convicted of a "non-existing offense." (Doc. 51, at 5). However, as the Government identifies, Moore does not argue 18 U.S.C. § 922(g)(1) is not a criminal offense. Instead, he argues the presence of his DNA on the firearm, or "mere touching," does not establish possession. (Doc. 51, at 5, 14-15). Relatedly, in Ground Three, Moore argues his Sixth Amendment rights were violated for two reasons. First, he contends he "never admitted to possession" nor was he found guilty by a jury. (Doc. 51, at 8, 16). Second, he contends counsel did not inform him "of all the facts and essential elements surrounding the crime." *Id.* at 8. He elaborates, contending he "was misled to plead involuntarily and un[in]telligently due to the ineffectiveness of counsel who allowed him to plead guilty to a non-existing offense of possession[,] [s]ince 'mere touching' does not establish possession." *Id.* at 16.

First, Moore's argument that his Sixth Amendment rights were violated because he was not found guilty by a jury is unavailing. A conviction based on a guilty plea is the same as a conviction based on a guilty verdict of a jury. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *see also Brady v. United States*, 397 U.S. 742, 748 (1970) (describing a guilty plea as "a grave and solemn act" when the defendant both "admi[ts] in open court that he committed the acts charged in the indictment" and waives the right to trial before a judge or jury). Moore has thus not established that his Sixth Amendment right to a jury trial was violated.

Second, to the extent Moore argues there was not a sufficient factual basis for his guilty plea in that he was convicted of "mere touching" of the firearm, such challenge is unavailable in

habeas proceedings. *See McCarthy v. United States*, 394 U.S. 459, 464 (1969) ("[A] guilty plea is an admission of all the elements of a formal criminal charge."); *Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir. 2013) ("The Constitution does not require a factual basis to establish a plea of guilty."); *see also* Doc. 36, at 19-21 (guilty plea transcript).

Third, Moore's claim that his conviction was based on "mere touching" of the firearm is contradicted by the record. The indictment in this case charged Petitioner with having "knowingly possessed in and affecting interstate commerce a firearm, to wit: Smith and Wesson, Model M&P 40, pistol." (Doc. 1, at 1). At his change of plea hearing, Moore confirmed he possessed the at-issue firearm on December 19, 2020, and he knew, at that time, he had been convicted of a felony. (Doc. 36, at 20). Moreover, at sentencing, Moore confirmed his possession of the gun. *See* Doc. 35, at 55 ("Like I wasn't possessing guns to hurt nobody or to kill nobody or - - I was possessing to protect me, my family, and my friends."); *id.* at 4-5 (indicating Moore had no objections or corrections to the final PSR, which quoted him as stating he "was carrying a gun because it was late at night and there were a lot of shootings in the area."); *see also* Doc. 18, at 6 (PSR).

Fourth, although Petitioner does not raise a separate claim of ineffective assistance of trial counsel, he mentions it throughout his Motion and Memorandum. Moore seemingly argues his counsel was ineffective for permitting him to plead guilty to the § 922(g)(1) charge without making him aware of the standard necessary to establish the possession element of the offense. *See, e.g.*, Doc. 51, at 8 ("Counsel neglected to inform Defendant of all the facts and essential elements surrounding the crime."); *id.* ("Counsel was ineffective and non-adversarial[.] Petitioner was not made aware by counsel or the court of the standard used, or not, to establish possession in the 6th Circuit."); *id.* at 15 ("Counsel was ineffective for not explaining [the definition of possession] to petitioner before plea was entered, and was also ineffective for not using the precedent case of

7

[*United States v. Beverly*, 750 F.2d 34 (6th Cir. 1984)] as a defense."); *id.* at 16 "Petitioner was misled to plead involuntarily and unintelligently due to the ineffectiveness of counsel who allowed him to plead guilty to a non-existing offense of possession[,] [s]ince 'mere touching' does not establish possession."); *id.* at 17 ([T]he Defendant, a layman of the law . . . was allowed to enter into a plea of guilty without full knowledge of the essential elements to establish possession.").

To establish ineffective assistance of counsel, a defendant must show both that (1) counsel's performance was deficient, *i.e.*, it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (establishing a defendant is entitled to effective assistance of competent counsel in plea negotiations). To establish deficient performance, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To satisfy the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In a guilty-plea context, to establish prejudice the defendant must specifically demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In *United States v. Beverly*, the Sixth Circuit held the Government had failed to prove constructive possession of a firearm beyond a reasonable doubt when the defendant "was standing close to a waste basket which contained two guns, and that [the defendant] had at some point touched one of the guns." 750 F.2d at 37. As the Government points out, here, the evidence demonstrated (1) Moore was in close proximity to the firearm while riding in a vehicle; (2) his

8

DNA was found on both the trigger and body of the firearm; and (3) Moore attempted to flee when the police stopped and attempted to remove him from the vehicle. *See* Doc. 52, at 13-14.

More recently, the Sixth Circuit has explained that "[a]s an en banc court, [it had] subsequently distinguished *Beverly* as a proximity-only case without any evidence 'connecting the gun to the defendant.'" *United States v. Vichitvongsa*, 819 F.3d 260, 276 (6th Cir. 2016) (quoting *United States v. Arnold*, 486 F.3d 177, 184 (6th Cir. 2007) (en banc)) (brackets omitted). "*Beverly* is inapposite when the government fills the '"evidentiary gap" . . . connecting the gun to the defendant.'" *United States v. Griffin*, 663 F. App'x 439, 445 (6th Cir. 2016) (quoting *Vichitvongsa*, 819 F.3d at 276). "The evidence needed to move from mere proximity to constructive possession 'is minimal.'" *Id.* (quoting *United States v. Walker*, 734 F.3d 451, 456 (6th Cir. 2013)). The Sixth Circuit has found an individual's proximity to a firearm in a car, combined with flight from law enforcement, can be sufficient to establish constructive possession. *See United States v. Hooper*, 2025 WL 88995, at *3 (6th Cir.); *United States v. Jackson*, 2022 WL 501656, at *7 (6th Cir.). Here, the evidence additionally included a DNA match on the body and trigger of the gun.

Given the factual basis in this case and the law, the Court cannot conclude that counsel, even if he failed to inform Moore that "mere touching" was insufficient to prove possession, that such an error was "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Moore therefore cannot show the deficient performance prong of an ineffective assistance claim.

Ground Two

In Ground Two, Petitioner argues the Government failed to disclose exculpatory evidence. (Doc. 51, at 6, 15). Specifically, he contends the Government did not disclose that another person's DNA was found on the firearm in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The

Government responds that this is simply factually incorrect and provides evidence it did, in fact, provide to defense counsel the laboratory report identifying both Moore's DNA and an unknown individual's DNA on the ammunition contained in the firearm. *See* Doc. 52-1 (Ohio Bureau of Criminal Investigation Laboratory Report); Doc. 52-2 (discovery disclosure sent via email to Moore's counsel). Moore has not provided any response to the Government's argument. The Court finds Moore has not established entitlement to relief on Ground Two.

Ground Four

In Ground Four, Moore argues he is entitled to relief based on a recently-issued Executive Order "for anyone convicted for violation of § 922(g)(1) who does not have a predicate prior conviction of drugs and/or violence." (Doc. 51, at 16).

The Government correctly point out that no such Executive Order exists.[1] As such, Moore has not demonstrated his entitlement to relief on Ground Four.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Moore's Motion to Vacate (Doc. 51) be, and the same hereby is, DENIED;

FURTHER ORDERED that, because Moore has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

---

1. The Court observes that in February 2025 the President issued an Executive Order directing the Attorney General to review various orders, regulations, and guidance "to assess any ongoing infringements of the Second Amendment rights of . . . citizens." Exec. Order No. 14206, *Protecting Second Amendment Rights*, 90 Fed. Reg. 9503 (Feb. 7, 2025). That Executive Order nowhere references 18 U.S.C. § 922(g)(1) and expressly states it is "not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." *Id.*

10

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2026